**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DWAYNE E. HARRIS, JR.,                    )
                                          )
              Plaintiff,                  )
                                          )
        v.                                )        No. 4:22-CV-267-RLW
                                          )
CIRCUIT COURTS OF ST. LOUIS               )
COUNTY, MISSOURI,                         )
                                          )
              Defendant.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dwayne E. Harris, Jr., an inmate

at the St. Louis County Justice Center, for leave to commence this civil action without prepaying

fees or costs.  Having reviewed the motion and the financial information submitted in support, the

Court has determined to grant the motion, and assess an initial partial filing fee of $82.58.

Additionally, for the reasons discussed below, the Court will dismiss the complaint, without

prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison

account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $98.03, and an average monthly balance of $412.90. The Court will therefore assess an initial partial filing fee of $82.58, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Circuit Court of St. Louis County, Missouri.[1]  Plaintiff claims he is entitled to recover damages from the defendant because his right to due process was violated, and because he suffered defamation of character when he was charged with murder. In support, plaintiff alleges he was arrested on July 27, 2020 and charged with murder, robbery, kidnapping, assault, and burglary. He retained an attorney who later withdrew, and he then sought representation by a public defender.  Plaintiff was told that an

---

[1] The St. Louis County Circuit Court is the 22nd Judicial Circuit of the State of Missouri.

investigation would be opened to determine why he was still detained.  He seeks damages in the amount of $10 million.

**Discussion**

The Eleventh Amendment confers sovereign immunity on an un-consenting state from suit in federal court.  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The Eighth Circuit has recognized that the Circuit Courts of the State of Missouri, like the defendant in this case, "are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment." *Mildfelt v. Cir. Ct. of Jackson Cnty., Mo*., 827 F.2d 343, 345 (8th Cir. 1987) (citing *Harris v. Missouri Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986)). *See McKlintic v. 36th Judicial Circuit Court*, 508 F.3d 875 (8th Cir. 2007) (finding, in the context of a Family and Medical Leave Act ("FMLA") claim, that the Eleventh Amendment shielded the 36th Judicial Circuit Court of the State of Missouri from suit).

There are two "well-established exceptions" to Eleventh Amendment immunity: (1) where Congress has statutorily abrogated such immunity by clear and unmistakable language; and (2) when a state waives its immunity to suit in federal court. *Barnes v. State of Missouri*, 960 F.2d 63, 64-65 (8th Cir. 1992). Neither exception applies in this case. The first exception does not apply because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 67 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent") and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception does not apply because the State of Missouri has not waived its sovereign

immunity in this type of case.  *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity

is in effect, and providing exceptions).  As a result, the Court will dismiss this action at this time

pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action

without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order,

plaintiff must pay an initial filing fee of $82.58.  Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) this case number; and (4) the statement that the remittance is for an

original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A

separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

_Ronnie L. White_

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of June, 2022.

4